COMMONWEALTH OF KENTUCKY
PIKE CIRCUIT COURT
DIVISION NO. I

ACTION NO. 17-CI-00445

BETTY SHORT                                                                    PLAINTIFF

VS.

**AMENDED COMPLAINT**

KENTUCKY FUEL CORPORATION, ET AL                         DEFENDANTS



FILED
ANNA PINSON SPEARS
JUN 06 2017
PIKE CIRCUIT/DISTRICT COURT
BY: _____ D.C.

\*\*\*\*\*\*\*\*\*\*\*

Comes the Plaintiff, **BETTY SHORT**, by and through Counsel, and for her Amended Complaint with demand for a trial by jury, states as follows:

## COUNT I

1. The Plaintiff adopts and reiterates each and every allegation as set out in Plaintiff's original Complaint and herein and incorporates the same by reference.

2. The Defendant, Kentucky Fuel Corporation, is a foreign corporation licensed to conduct business in the Commonwealth of Kentucky whose agent for service of process is CT Corporation, 306 West Main St., Suite 512, Frankfort, Kentucky 40601, and who conducted a surface mining operation at Bent Mountain in Pikeville, Pike County, Kentucky.

3. The Defendant, Kentucky Fuel Corporation, is a foreign corporation licensed to conduct business in the Commonwealth of Kentucky whose agent for service of process is CT Corporation, 306 West Main St., Suite 512, Frankfort, Kentucky 40601, and who conducted a surface mining operation at Bent Mountain in Pikeville, Pike County, Kentucky.

4. That the acts complained of herein occurred on or about June 2, 2016 and


EXHIBIT F

June 3, 2016 in Pikeville, Pike County, Kentucky.

5. Jurisdiction and venue are proper in Pike Circuit Court.

## COUNT II

6. The Plaintiff adopts and reiterates each and every allegation as set out in Plaintiff's original Complaint and herein and incorporates the same by reference.

7. The incidents complained of herein occurred at or near a surface mining operation located at or near Bent Mountain in Pike County, Kentucky on June 2, 2016 and June 3, 2016.

8. That at the date and place above, the Defendants conducted surface mining operations near the Plaintiff's residence on Bent Branch Road, Pikeville, Pike County, Kentucky. The Defendants had exclusive control of its mining operations at all times herein.

9. As a direct and proximate result of the Defendants' mining operations in close proximity to the Plaintiff's real property, and their failure to adhere and/or comply with state and federal regulatory agencies, the Plaintiff's home was flooded with mud, debris, and other materials causing substantial damages to her real and personal property in an amount commensurate with the jurisdiction of this Court.

## COUNT III

10. The Plaintiff adopts and reiterates each and every allegation as set out in Plaintiff's original Complaint and herein and incorporates the same by reference.

11. That on June 2, 2016, the area disturbance set in motion by the Defendants' mining operations was the direct and proximate cause or substantial factor causing harm and/or injuries to the Plaintiff's real and personal property.

12. That the Defendants' conduct was a malicious and egregious violation of the state and federal laws and regulations, to such a degree that the Defendants have demonstrated a callous disregard toward the lives and safety of the Plaintiff.

13. That such malice and oppression by the Defendants mandates that the Court award all Plaintiff compensatory damages, in addition to punitive damages, along with any other relief the Court may deem the Plaintiff entitled.

## COUNT IV

14. The Plaintiff adopts and reiterates each and every allegation as set out in Plaintiff's original Complaint and herein and incorporates the same by reference.

7. That at the date and place above, the Defendants conducted surface mining operations near the Plaintiff's residence on Bent Branch Road, Pikeville, Pike County, Kentucky. The Defendants had exclusive control of its mining operations at all times herein.

8. As a direct and proximate result of the Defendants' mining operations, substantial mud, debris, and other materials entered onto the Plaintiff's property.

9. That on the date and place set out above, the Defendants had a duty to conduct its mining operations in a safe manner and to comply with all state and federal regulations and laws, so that the lives and safety of the residents in close proximity to the mine site were not placed in jeopardy.

10. That on or about June 3, 2016, the Defendants breached its duties owed to the Plaintiff, and as a result of said breach of duties as a direct and proximate result of the Defendants' negligent, grossly negligent, intentional, malicious, and/or egregious conduct, the Plaintiff was caused to fall from her steps due to the substantial mud, debris,

and other materials on her property.

11. As a direct and proximate result of the Defendants' negligent, grossly negligent, intentional, malicious, and/or egregious conduct, as well as the breach of duties owed to the Plaintiff, she was caused to suffer and will continue to suffer damages including past, present and future medical bills; past, present and future pain and suffering, in an amount commensurate with the jurisdiction of this Court.

12. That the Defendants have repeatedly exhibited a pattern of conduct which was negligent, grossly negligent, intentional, malicious, and egregious, and shows a complete disregard for the lives and safety of residents in the Bent Branch and surrounding areas, including the Plaintiff, and as such an award of punitive damages is warranted.

**WHEREFORE**, the Plaintiff respectfully demands as follows:

1. That all Defendants be held strictly liable for all damages and injuries as a result of the Defendants' mining operations and area disturbance;

2. That judgment be issued against all Defendants in favor of the Plaintiff in an amount commensurate with the jurisdiction of this Court, said amount to be that which is determined as being fair and reasonable by all of the evidence, for the following elements of damages:

    a. For the diminution in the value of the Plaintiff's real and personal properties due to Defendants' mining operations, and/or any and all repair costs; and

    b. For the value of the damage to the Plaintiff' loss of use of real and personal properties due to repairs of same; and

    c.    Past, present and future mental and physical pain, suffering, inconvenience, and permanent injuries; and

    d.    Past, present and future medical expenses; and

    e.    Miscellaneous expenses incurred by the Plaintiff, including but not limited to travel expenses, necessitated by the careless and negligent acts of the Defendants; and

3.    Punitive damages;

4.    For a trial by jury;

5.    For pre-judgment and post-judgment interest;

6.    For Plaintiff's costs herein incurred, plus a reasonable attorney's fee; and

7.    For any and all other relief to which the Plaintiff may appear entitled either in law or equity.

Respectfully submitted,

/s/James L. Hamilton
James L. Hamilton
*HAMILTON & STEVENS, PLLC*
P.O. Box 1286
Pikeville, KY 41502
(606) 437-6555
(606) 437-6553 *facsimile*

### CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing was mailed, postage prepaid to the following parties of record this the 23rd day of May, 2017:

Hon. Billy R. Shelton
2452 Sir Barton Way Ste 101
Lexington KY 40509

/s/James L. Hamilton
James L. Hamilton
*Counsel for Plaintiff*